Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

**MADE JS-6**

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH, INC., a Maryland Corporation; COACH SERVICES, INC., a Maryland Corporation, | ) CASE NO. CV 10-7269-GW(SSx)<br>)<br>) **ORDER GRANTING CONSENT**<br>) **JUDGMENT INCLUDING A**<br>) **PERMANENT INJUNCTION AND**<br>) **VOLUNTARY DISMISSAL OF**<br>) **ACTION WITH PREJUDICE** |
| Plaintiffs, | ) |
| v. | ) |
| REDHAWK HAND CAR WASH, a California Corporation; PAUL KNAPP, and individual; and DOES 1-10, inclusive, | )<br>)<br>)<br>) |
| Defendants. | ) |

WHEREAS Plaintiffs Coach, Inc. and Coach Services, Inc. ("Coach") and

Defendants Redhawk Hand Car Wash and Paul Knapp (collectively "Defendants")

have entered into a Settlement Agreement and Mutual Release as to the claims in the

above referenced matter.  Defendants, having agreed to consent to the below terms, it

is hereby:

**ORDERED, ADJUDGED, and DECREED** as among the parties hereto that:

1.     This Court has jurisdiction over the parties to this Final Judgment and has

jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

2.      Coach is the worldwide owner of the trademark "COACH" and various composite trademarks and assorted design components ("Coach Marks").  Coach Marks include but are not limited to the following marks

| Mark | U.S. Registration No(s). | Registration Date |
|---|---|---|
| "COACH" | 751, 493 | 06/25/1963 |
|  | 1,071,000 | 08/09/1977 |
|  | 2,088,706 | 08/19/1997 |
|  | 3,157,972 | 10/17/2006 |
|  | 3,413,536 | 04/15/2008 |
|  | 3,251,315 | 06/12/2007 |
|  | 3,441,671 | 06/03/2008 |
|  | 2,252,847 | 06/15/1999 |
|  | 2,534,429 | 01/29/2002 |
|  | 1,309,779 | 12/18/1984 |
|  | 2,045,676 | 03/18/1997 |
|  | 2,169,808 | 06/30/1998 |
|  Signature "C" Logo | 2,592,963 | 07/09/2002 |
|  | 2,626,565 | 09/24/2002 |
|  | 2,822,318 | 03/16/2004 |
|  | 2,832,589 | 04/13/2004 |
|  | 2,822,629 | 03/16/2004 |
|  | 3,695,290 | 10/13/2009 |

| | | |
|---|---|---|
| Coach "Op Art" Mark | 3,696,470 | 10/13/2009 |
| | 3,012,585 | 11/08/2005 |
| | 3,338,048 | 11/11/2007 |
| | 2,162,303 | 06/02/1998 |
| | 2,088,707 | 08/19/1997 |

3.     Plaintiffs have alleged that Defendants' importation, distribution, advertisement, offering for sale, and sale of products which infringe upon the Coach Marks constitute trademark infringement and unfair competition under the Lanham Trademark Act, 15 U.S.C. § 1051, et. seq. and under the common law.

4.     Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of this Final Judgment are hereby permanently restrained and enjoined from infringing upon the Coach

[PROPOSED] ORDER RE CONSENT JUDGMENT INCLUDING VOLUNTARY DISMISSAL OF ACTION WITH PREJUDICE

Marks, include either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any unauthorized product bearing the Coach Marks, or marks confusingly similar or substantially similar thereto, and, specifically from:

      (a)    Using the Coach Marks or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise comprising not the genuine products of Coach, or in any manner likely to cause others to believe that Defendants' products are connected with Coach or Coach's genuine merchandise;

      (b)    Passing off, inducing or enabling others to sell or pass off any products or other items that are not Coach's genuine merchandise as and for Coach's genuine merchandise;

      (c)    Leasing space to any tenant who is engaged in the manufacturing, purchasing, production, distribution, circulation, sale, offering for sale, importation, exportation, advertisement, promotion, display, shipping, marketing of Infringing Products;

      (d)    Committing any other acts calculated to cause purchasers to believe that Defendants' products are Coach's genuine merchandise unless they are such;

      (e)    Shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner items falsely bearing the Coach Marks, or any reproduction, counterfeit, copy or colorable imitation thereof; and

      (f)    Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 4(a) to 4(e) above.

      5.    Without any admission of liability, the parties have agreed that Defendants shall pay to Plaintiffs an amount in settlement of Plaintiffs' demand for damages, profits, costs, disbursements, and attorneys' fees based upon Defendants'

1  alleged infringing activities.  Plaintiffs and Defendants shall bear their own costs
2  associated with this action.
3       6.     The execution of this Final Judgment shall serve to bind and obligate the
4  parties hereto.
5       7.     The jurisdiction of this Court is retained for the purpose of making any
6  further orders necessary or proper for the construction or modification of this Final
7  Judgment, the enforcement thereof and the punishment of any violations thereof.
8  Except as otherwise provided herein, this action is fully resolved with prejudice.
9
10 **IT IS SO ORDERED.**
11
12
13 DATED:  August 23, 2011        _____
14                               Hon. George H. Wu
                                 **United States District Judge**
15
16
17
18
19
20
21
22
23
24
25
26
27
28